# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARIA STANG,

        Plaintiff,

v.

DELTA AIR LINES, INC.,

        Defendant.

Case No. 2:18-cv-13112

Hon. Laurie J. Michelson

Mag. Judge David R. Grand

---

RORBERT J. MORAD (P56475)
Law Offices of Robert J. Morad PLLC
Attorneys for Plaintiff
335 S. Old Woodward Ave., Suite 100
Birmingham, MI 48009
248-646-2920
robert@rjmoradlaw.com

BRIAN R. MILDENBERG
Mildenberg Law Firm
1735 Market St., Suite 3750
Philadelphia, PA 19103
215-545-4870
brian@mildenberglaw.com

MATTHEW B. WEISBERG
Weisberg Law
7 South Morton Ave.
Morton, PA 19070
610-690-0880
mweisberg@weisberglawoffices.com

SHARON RAE GROSS (P42514)
MAMI KATO (P74237)
Ogletree, Deakins, Nash,
Smoak & Stewart, PLLC
Attorneys for Defendant
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248-593-6400
rae.gross@ogletree.com
mami.kato@ogletree.com

---

## DEFENDANT'S RULE 12(b)(6) MOTION FOR PARTIAL DISMISSAL (COUNTS III AND VI) OF PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. Rule 12(b)(6), Defendant Delta Air Lines, Inc. ("Delta"), by and through its counsel Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, respectfully requests that this Court dismiss Count III (ADEA claim) and Count VI (Title VII claim) of Plaintiff's Complaint.  As more fully set forth in the attached supporting brief, Count III is time barred.  Count VI lacks a required prerequisite administrative charge, fails to alleged facts sufficient to support a claim and, is likewise time barred.

In accordance with LR 7.1(a) for the Eastern District of Michigan, counsel for Delta sent a written electronic communication to Plaintiff's counsel on March 29, 2019, in which the counsel for Delta explained the nature of the motion and the legal basis and requested, but did not obtain, concurrence in the relief sought.

Respectfully submitted,

s/ Sharon Rae Gross
SHARON RAE GROSS (P42514)
MAMI KATO (P74237)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248-593-6400
rae.gross@ogletree.com
mami.kato@ogletree.com

Dated: April 2, 2019

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARIA STANG,

        Plaintiff,

v.

DELTA AIR LINES, INC.,

        Defendant.

Case No. 2:18-cv-13112

Hon. Laurie J. Michelson

Mag. Judge David R. Grand

---

| | |
|---|---|
| ROBERT J. MORAD (P56475)<br>Law Offices of Robert J. Morad PLLC<br>Attorneys for Plaintiff<br>335 S. Old Woodward Ave., Suite 100<br>Birmingham, MI 48009<br>248-646-2920<br>robert@rjmoradlaw.com<br><br>BRIAN R. MILDENBERG<br>Mildenberg Law Firm<br>1735 Market St., Suite 3750<br>Philadelphia, PA 19103<br>215-545-4870<br>brian@mildenberglaw.com<br><br>MATTHEW B. WEISBERG<br>Weisberg Law<br>7 South Morton Ave.<br>Morton, PA 19070<br>610-690-0880<br>mweisberg@weisberglawoffices.com | SHARON RAE GROSS (P42514)<br>MAMI KATO (P74237)<br>Ogletree, Deakins, Nash,<br>Smoak & Stewart, PLLC<br>Attorneys for Defendant<br>34977 Woodward Avenue, Suite 300<br>Birmingham, MI 48009<br>248-593-6400<br>rae.gross@ogletree.com<br>mami.kato@ogletree.com |

---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION
## TO DISMISS COUNTS III AND VI OF PLAINTIFF'S COMPLAINT

# **TABLE OF CONTENTS**

Index of Authorities ..................................................................................................ii-iii

Concise Statement of the Issues Presented ...........................................................iv

Controlling or Most Appropriate Authority............................................................v

Introduction ..............................................................................................................1

Statement of Facts ....................................................................................................1

       1.     Plaintiff's Employment....................................................................1

       2.     Plaintiff's Discipline on October 7, 2015......................................2

       3.     Plaintiff's EEOC Charge ................................................................3

Argument...................................................................................................................4

       I.     Applicable Legal Standard .............................................................4

       II.     Plaintiff's ADEA Claim is Time Barred ........................................5

       III.    The Complaint Does Not Satisfy the Requirements for a
                 Title VII Claim .................................................................................7

Conclusion ................................................................................................................8

# **INDEX OF AUTHORITIES**

**Page(s)**

**Cases**

*Amini v. Oberlin College*,
 259 F.3d 493 (6th Cir. 2001) ................................................................................8

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..........................................................................................5, 8

*Bishop v. Lucent Techs.*,
 520 F.3d 516 (6th Cir. 2006) ................................................................................4

*Chardon v. Fernandez*,
 454 U.S. 6 (1981) ..................................................................................................6

*Dubay v. Wells*,
 506 F.3d 422 (6th Cir. 2007) ............................................................................4, 5

*E.E.O.C. v. Bailey Co.*,
 563 F.2d 439 (6th Cir. 1977) *cert. denied*, 435 U.S. 915, 98 S. Ct.
 1468, 55 L. Ed. 2d 506 (1978) ..............................................................................7

*E.E.O.C. v. McCall Printing*,
 633 F.2d 1232 (6th Cir. 1980) ..............................................................................7

*Jackson v. Richards Medical Co.*,
 961 F.2d 575 (6th Cir. 1992) ................................................................................5

*Janikowski v. Bendix Corp.*,
 823 F.2d 945 (6th Cir. 1987) ................................................................................6

*Kosa v. UAW*,
 2013 WL 6668532 (E.D. Mich. Dec. 18, 2013) ...................................................3

*QQC, Inc. v. Hewlett-Packard Co.*,
 258 F.Sup.2d 718, 721 (E.D. Mich. 2013) ...........................................................3

*Weigel v. Baptist Hosp. of E. Tennessee*,
 302 F.3d 367 (6th Cir. 2002) ................................................................................5

*Weiner v. Klais and Co., Inc.*,
 108 F.3d 86 (6th Cir. 1997) ..................................................................................3

*Younis v. Pinnacle Airlines, Inc.*,
 601 F.3d 359 (6th Cir. 2010) .................................................................................7

**Other Authorities**

26 U.S.C. §621 ...........................................................................................................1

42 U.S.C. §2000e-2(a)(1)..........................................................................................8

42 U.S.C. § 2000e-5(f)(1) .........................................................................................7

Federal Rule of Civil Procedure 12(b)(6) ..........................................................1, 4, 5

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

1. Should the ADEA discrimination claim in Count III of Plaintiff's Complaint be dismissed as time barred where Plaintiff failed to file a charge of discrimination with the EEOC within 300 days of the alleged adverse employment action as required by the statute?

2. Should the Title VII claim in Count VI of Plaintiff's Complaint be dismissed where Plaintiff did not file an EEOC Charge containing any allegation of discrimination based on race, color, sex, religion, or national origin, the Complaint contains no factual allegation of discrimination based on race, color, sex, religion, or national origin, and any attempted reliance on Plaintiff's prior EEOC Charge as including a claim based on race, color, sex, religion, or national origin, would render such claim time barred?

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Weigel v. Baptist Hosp. of E. Tennessee,* 302 F.3d 367 (6th Cir. 2002)

*Janikowski v. Bendix Corp.*, 823 F.2d 945 (6th Cir. 1987)

*Younis v. Pinnacle Airlines, Inc.,* 601 F.3d 359 (6th Cir. 2010)

*Amini v. Oberlin College,* 259 F.3d 493 (6th Cir. 2001)

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Delta Air Lines, Inc. ("Delta") seeks dismissal of Count III, a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, and Count VI, a claim of indeterminate discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). It is apparent on the face of the Complaint that Plaintiff's ADEA claim is time barred because Plaintiff failed to meet the statutory prerequisite that an administrative charge must be filed within 300 days after the alleged discriminatory violation occurred. Plaintiff's Title VII claim fails because the Complaint is devoid of any factual allegations to support a cause of action under Title VII and it fails to allege facts to demonstrate that Plaintiff timely exhausted administrative remedies with respect to a Title VII claim. Because Plaintiff's Complaint fails to state any plausible claim for relief under the ADEA or Title VII, Count III and Count VI should be dismissed with prejudice.

# STATEMENT OF FACTS

## 1. Plaintiff's Employment.

Plaintiff Maria Stang ("Plaintiff" or "Stang) is currently employed as a Flight Attendant with Defendant Delta based at the Detroit Metropolitan Airport ("DTW")

(Complaint ¶2 (*See* ECF No. 1)).[1] Plaintiff began working for Northwest Airlines in July 1985, and became an employee of Delta when it merged with Northwest Airlines. (Complaint ¶¶2 and 8). In November 2012, Plaintiff joined Delta's Purser Program. (Complaint ¶9).

**2.** **Plaintiff's Discipline on October 7, 2015.**

Plaintiff's Complaint alleges that on or about September 19, 2015, after reporting for an assigned flight, Plaintiff became ill during the pre-flight briefing and was advised to go home.[2] (Complaint ¶11). Plaintiff alleges that Delta thereafter issued her a disciplinary action in the form of a Written Coaching, which she was told would remain in effect for 18 months. (Complaint ¶13). Plaintiff was also told that she was being removed from serving in the Purser program during the 18-month period that Written Coaching would remain in effect. (Complaint ¶14); (Exhibit A – Written Coaching dated October 7, 2015).[3] Plaintiff claims her removal from the Purser Program was a demotion. (Complaint ¶15).

---

[1] Contrary to the allegation in Paragraph 32 of the Complaint, Plaintiff's employment as a Flight Attendant with Delta Air Lines has never been terminated. (Complaint ¶32).
[2] The incident giving rise to the alleged adverse employment action actually occurred on September 13, 2015, not September 19, 2015 as alleged. Similarly, Delta issued the discipline at issue and it was signed by Plaintiff on October 7, 2015, not October 17, 2015 as alleged. (*See* Complaint, ¶13). These distinctions are, however, immaterial for purposes of this Motion.
[3] Certain documents referenced in the Complaint are attached to this motion. "Any document upon which a complaint is based, even if not attached as an exhibit to the

2

Plaintiff variously alleges that the October 2015 disciplinary action violated her rights under the FMLA, the ADEA, the Elliott-Larsen Civil Rights Act, and/or Title VII. While Delta disputes the underlying factual allegations of Plaintiff's Complaint,[4] assuming they are true for purposes of this motion, they are insufficient to support an ADEA or Title VII claim.

3.  **Plaintiff's EEOC Charge.**

On August 3, 2018 – 1,031 days after receiving and signing her Written Coaching on October 7, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). (Complaint ¶34); (Exhibit B - Plaintiff's EEOC Charge). The charge was premised on the same alleged adverse action that forms the basis of Plaintiff's Complaint, namely her discipline and

---

complaint, can be considered incorporated by reference and becomes a part of the pleadings." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88-89 (6th Cir. 1997)(citing to *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A defendant may properly attach certain documents in support of a dismissal motion "if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *QQC, Inc. v. Hewlett-Packard Co.*, 258 F.Sup.2d 718, 721 (E.D. Mich. 2013)(quoting *Bowens v. Aftermath Entm't*, 254 F.Supp.2d 629, 639 (E.D. Mich. 2003)). The court may consider documents incorporated by or referred to in the pleadings, as well as documents that are central to the plaintiff's allegations even if not explicitly incorporated by reference. *Kosa v. UAW*, 2013 WL 6668532,*2 (E.D. Mich. Dec. 18, 2013)(Duggan, J)(citing to *Weiner*, 108 F.3d at 89).

[4] In point of fact, the discipline shows that Plaintiff called off ill only after reporting and learning she was being re-assigned from a flight to Rome (FCO) to serve as purser on a flight to Amsterdam (AMS), which was trip refusal in violation of Delta's Work Rules. (Exhibit A – Discipline).

3

removal from the Purser Program in October 2015. The only age-related allegation specific to Plaintiff – in her EEOC Charge or her Complaint – is that Plaintiff purportedly knows of much younger flight attendants who "have had expired FMLA time and had no disciplinary consequences." (Complaint ¶19); (Exhibit B – EEOC Charge).[5]

Notably, Plaintiff's EEOC Charge did not allege discrimination based on any status protected under Title VII – race, color, sex, religion, or national origin. On September 25, 2018, without requiring a response from Delta, the EEOC mailed a Dismissal and Notice of Rights letter. (Exhibit C - EEOC Dismissal and Notice of Rights Letter). Plaintiff filed the instant Complaint on October 4, 2018.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARD.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6), the court must presume the truth of all well-pled factual allegations, *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006), and all reasonable factual inferences are to be drawn in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427

---

[5] Plaintiff's Complaint is replete with various allegations of age discrimination based on purported EEOC charges filed by unidentified persons in Miami, newspaper articles, and rank speculation, culminating in the assertion that Plaintiff's firing was likewise a pretext for age discrimination. (Complaint ¶¶ 21-32). In point of fact, Plaintiff has not been fired and these generic allegations are immaterial to the issue of the timeliness of her EEOC charge.

(6th Cir. 2007). However, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the element of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must show that a claim asserted therein is more than just a possibility; a plaintiff cannot simply allege "facts that are 'merely consistent with a defendant's liability' and expect to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In essence, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Dismissal is appropriate under Rule 12(b)(6) where, as here, it is evident from the complaint that a plaintiff's cause of action is barred by the applicable statute of limitations or the lack of a jurisdictional prerequisite in the form of an administrative EEOC charge. *Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002).

## II. PLAINTIFF'S ADEA CLAIM IS TIME BARRED.

Plaintiff's Complaint asserts that her discipline and associated removal from the Purser Program in October 2015 was based on her age in violation of the ADEA (Count III). This claim is untimely. Under the ADEA, a claim for acts occurring 300 days prior to the time a plaintiff files a charge with the EEOC is time barred. *Jackson v. Richards Medical Co.*, 961 F.2d 575, 578 (6th Cir. 1992) (ADEA actions must be filed within 300 days of the alleged discriminatory act). The Sixth Circuit

5

Court of Appeals has unequivocally observed:

> In states such as Michigan, which have their own laws forbidding age discrimination, a plaintiff must file a claim of ADEA violation with the EEOC "within 300 days after the alleged unlawful practice occurred," 29 U.S.C. § 626(d)(2), failing which, any suit under the ADEA filed in the federal district court will be dismissed as untimely.

*Janikowski v. Bendix Corp.,* 823 F.2d 945, 947 (6th Cir. 1987). The statutory period begins to run when an employee receives a notice of discipline. *Id.* The proper method of calculating time focuses on "the time of the discriminatory act, not the point at which the consequences of the act become painful." *Chardon v. Fernandez,* 454 U.S. 6, 8 (1981).

The Complaint alleges that Plaintiff was "shocked" to learn of the allegedly discriminatory disciplinary action when she returned to work on October 17, 2015. (Complaint ¶13). The discipline in question displays Plaintiff's signature acknowledging as of October 7, 2015, that "I have read and fully understand the contents of this letter." (Exhibit A – Discipline). Plaintiff was clearly apprised of the disciplinary action, including the basis for the action, and its consequences to her eligibility to be a purser no later than October 17, 2015 and most likely ten days earlier. (Complaint ¶¶13-17); (Exhibit A – Discipline).

Plaintiff's verified signature on the EEOC Charge of Discrimination indicates that she filed her Charge claiming an ADEA violation on August 3, 2018 – some 1,031 days after she signed the adverse disciplinary action that is the subject of the

6

Charge and her Complaint in this case. (Exhibit B – Plaintiff's EEOC Charge). Plaintiff's Charge was filed well beyond the 300-day limitations period. Accordingly, Plaintiff is foreclosed from pursuing her discrimination claim based on an alleged ADEA violation.

### III. THE COMPLAINT DOES NOT SATISFY THE REQUIREMENTS FOR A TITLE VII CLAIM.

The Complaint also demonstrates that Plaintiff has no basis upon which to pursue a Title VII claim (Count VI). Title VII expressly requires exhaustion of administrative remedies, and only the claims raised in the administrative proceedings may be raised in a subsequent lawsuit. *Younis v. Pinnacle Airlines, Inc.*, 601 F.3d 359, 361 (6th Cir. 2010) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. See 42 U.S.C. § 2000e-5(f)(1).") Plaintiff's EEOC Charge speaks only of alleged violations of the FMLA (which is not enforced by the EEOC), the ADEA, and the Michigan Elliott-Larson Civil Rights Act. The Charge narrative makes no mention of discrimination based on Plaintiff's race, color, sex, religion, or national origin. (Exhibit B). This omission is fatal to Plaintiff's attempt to pursue a Title VII claim before this court. It is a well settled doctrine in the Sixth Circuit that a Title VII litigant's assertion of discriminatory conduct in Court is "limited to the scope of the E.E.O.C. investigation reasonably expected to grow out of the charge of discrimination." *E.E.O.C. v. McCall Printing*, 633 F.2d 1232, 1235 (6th Cir. 1980); *E.E.O.C. v. Bailey Co.*, 563

7

F.2d 439, 446 (6th Cir. 1977) *cert. denied*, 435 U.S. 915, 98 S. Ct. 1468, 55 L. Ed. 2d 506 (1978).

In addition, the Complaint itself likewise lacks any factual allegation that Plaintiff was discriminated against on the basis of race, color, sex, religion, or national origin, which are the classifications protected under Title VII. 42 U.S.C. §2000e-2(a)(1). Plaintiff's Title VII claim fails the *Iqbal* and *Twombley* pleading standard, and should be dismissed.

Finally, even if Plaintiff's EEOC Charge could arguably be construed as encompassing a Title VII claim, it would be untimely for the same reasons as her ADEA claim above. Plaintiff had to file a Title VII EEOC Charge within 300 days after the alleged unlawful employment practice. See *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001).

## **CONCLUSION**

For all of the foregoing reasons, Defendant Delta Air Lines, Inc. respectfully requests that this Court dismiss Counts III and VI of Plaintiff's Complaint with prejudice and award Defendant such other relief as the Court deems just and equitable.

                                    Respectfully submitted,

                                    s/ S. Rae Gross
                                    SHARON RAE GROSS (P42514)
                                    MAMI KATO (P74237)
                                    Ogletree, Deakins, Nash,
                                    Smoak & Stewart, PLLC
                                    Attorneys for Defendant
                                    34977 Woodward Avenue, Suite 300
                                    Birmingham, MI  48009
                                    248-593-6400
                                    rae.gross@ogletree.com
Dated: April 2, 2019                mami.kato@ogletree.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 2, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the ECF participants.

                                    s/ Sharon Rae Gross
                                    SHARON RAE GROSS (P42514)
                                    Ogletree, Deakins, Nash,
                                    Smoak & Stewart, PLLC
                                    Attorneys for Defendant
                                    34977 Woodward Avenue, Suite 300
                                    Birmingham, MI 48009
                                    248-593-6400
                                    rae.gross@ogletree.com

                                                38001024.1